Troutman Pepper Hamilton Sanders LLP
Troutman Pepper Building, 1001 Haxall Point, 15th Floor
Richmond, VA 23219

troutman.com



**Jonathan P. Floyd**
D 804.697.1435
jonathan.floyd@troutman

September 30, 2024

**VIA CM/ECF**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



Re:    ***Durey Damion Housen v. Experian, Inc. and Jeff Shotts***, No. 1:24-cv-05719; Letter Request for Pre-Motion Conference in Anticipation of Defendants' Motion to Dismiss

Your Honor:

       This firm represents Defendant Experian Information Solutions, Inc. ("Experian")[1] and Jeff Shotts ("Shotts" and together, the "Defendants") in this matter. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 4(A) of Your Honor's Individual Rules and Procedures for Civil Cases, Defendants submit this letter request for a pre-motion conference regarding their forthcoming motion to dismiss *pro se* Plaintiff, Durey Damion Housen's ("Plaintiff"), Complaint. For the reasons stated herein, Experian respectfully requests the Court dismiss Plaintiff's Complaint with prejudice as to Defendants or set a briefing schedule and return date for Experian's forthcoming motion.

**A. Factual Background**

       This action concerns alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*[2] Plaintiff claims in conclusory fashion that Experian "inaccurately report[ed] derogatory information" on his credit report and failed to conduct a reasonable investigation of his disputes regarding this supposed "inaccurate information" in violation of §§ 1681,[3] 1681e, and 1681i. *See* Complaint, Dkt. No. 1 at 5-6. Plaintiff also names Experian Chief Financial Officer Jeff Shotts as a defendant. However, it is unclear from the Complaint – in part, because Plaintiff includes only a single, vague allegation as to Shotts –[4] whether Plaintiff seeks to bring his claims against Shotts in his individual capacity or in his capacity as CFO for Experian.

       Plaintiff attaches to his Complaint various documents he describes as "Evidence," including a number of "Affidavit[s] of Fact," complaints Plaintiff ostensibly made to, or about, Experian through the Consumer Financial Protection Bureau ("CFPB"), and a copy of dispute investigation results Plaintiff

---

[1] Plaintiff names "Experian, Inc." as a defendant in this action but no such entity exists. The correct name for the Experian entity at issue in this action is Experian Information Solutions, Inc.

[2] Generally speaking, the FCRA governs the conduct of participants in the credit reporting industry, including consumer reporting agencies and furnishers of credit information.

[3] Section 1681 of the FCRA is entitled "Congressional findings and statement of purpose." Plaintiff's Complaint claims Experian violated this section via its "[f]ailure to substantiate derogatory remarks" but that Section makes no mention of "substantiation" and does not set forth any affirmative duties of consumer reporting agencies. *See* Compl. at 5.

[4] Specifically, Plaintiff claims only that Shotts "has agreed to the terms and conditions of the affidavits." *Id.* at 5.



received from Experian. *See* Compl. at 7. Per these documents, Plaintiff appears to have disputed five accounts appearing on his credit report. With respect to three of these accounts, Plaintiff's dispute simply states that "[t]he personal information is incorrect." *See* Compl. at 74. With respect to the two other accounts, a JP Morgan Chase Bank Auto Finance account and a JP Morgan Chase Bank Card Services account, Plaintiff claims that since these accounts were "charged off", the outstanding debt is now considered "income," which Plaintiff alleges is not information that can be reported on his credit report. *Id.* at 78-79. Notably, the copy of the Experian dispute results correspondence attached to the Complaint accurately notes that these accounts were "charged off" with a certain amount of debt "written off." *Id.* at 67, 69.

## B. Legal Standard

"In considering a Rule 12(b)(6) motion to dismiss, a district court 'accept[s] all factual claims in the complaint as true, and draw[s] all reasonable inferences in the plaintiff's favor.'" *Clark v. Hemphill Artworks, LLC*, No. 22 Civ. 7537 (PGG), 2024 U.S. Dist. LEXIS 48466, at *17 (S.D.N.Y. Mar. 16, 2024) (quoting *Lotes Co. v. Hon Hai Precision Industry Co.*, 753 F.3d 395, 403 (2d Cir. 2014)). However, "[a] complaint is properly dismissed, where, as a matter of law, 'the allegations in a complaint, however true, could not raise a claim of entitlement to relief.'" *Doe v. N.Y. Univ.*, No. 23-CV-10515 (VSB), 2024 U.S. Dist. LEXIS 97269, at *6-7 (S.D.N.Y. May 30, 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)). "While '[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal* . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements.'" *Holliday v. C.O. Artist*, No. 23-CV-2410 (PMH), 2024 U.S. Dist. LEXIS 102898, at *4 (S.D.N.Y. June 7, 2024) (quoting *Thomas v. Westchester Cty.*, No. 12-CV-06718, 2013 U.S. Dist. LEXIS 93697 (S.D.N.Y. July 3, 2013)).

## C. Argument

### a. Plaintiff's Claims against Chief Financial Officer Shotts Must Fail

Plaintiff's claims against Shotts fail as a matter of law because Shotts is not a "consumer reporting agency" ("CRA") under the FCRA. The claims also fail because Plaintiff does not allege any facts from which the Court could conclude that Shotts took any action, individually or in his capacity as CFO for Experian, that led to the FCRA violations of which Plaintiff complains. For these reasons, Shotts should be dismissed from the action with prejudice.

The provisions of the FCRA under which Plaintiff seeks relief apply only to CRAs. *See, e.g.*, 15 U.S.C. §§ 1681e(b), 1681i(a). The FCRA defines a "consumer reporting agency" as "any person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f). Plaintiff's Complaint is completely devoid of any allegations that Shotts, individually, is a CRA under the FCRA. For this reason alone, the claims against Shotts fail.

The claims against Shotts also fail because "[g]enerally, individual defendants cannot be held liable solely because they are chief officers for corporate defendants." *See Estrada v. Equifax Info. Servs. LLC*, No. CV-21-01704-PHX-SMB, 2022 U.S. Dist. LEXIS 123000, at *11 (D. Az. July 12, 2022) (citations and internal quotation marks omitted). "Instead, [c]ases which have found personal liability on the part of corporate officers have typically involved instances where the defendant was the guiding spirit behind the wrongful conduct . . . or the central figure in the challenged corporate activity." *See id.* (citations and internal quotation marks omitted). Numerous courts across the country that have considered this issue within the context of the FCRA have rejected it. *See Estrada*, 2022 U.S. Dist. LEXIS 123000, at *12



(collecting cases and dismissing the corporate defendants in FCRA action because the plaintiff's allegations "merely conflate the CEOs with the CRAs themselves."); *see also Parker v. Cartwright*, No. 1:23-cv-01966, 2024 U.S. Dist. LEXIS 25460, at *17 (D. Md. Feb. 13, 2024) (same); *Scalercio-Isenberg v. Citizens Fin. Grp., Inc.*, No. 18-cv-9226 (JGK), 2019 U.S. Dist. LEXIS 221222, at *9 (S.D.N.Y. Dec. 23, 2019) (dismissing claims, including FCRA claims, against corporate officer because the plaintiff did not allege "sufficient facts to plead any claim against Van Saun in an individual capacity"). There are no allegations against Shotts, individually, that would allow the Court to conclude that he "was the guiding spirit behind the wrongful conduct . . . or the central figure in the challenged corporate activity." For this reason, Plaintiff's claims against Shotts must be dismissed.

### b. Plaintiff's Claims against Experian Must Fail

Plaintiff's claims against Experian fail because Plaintiff's Complaint does not identify the specific information in his credit report that is allegedly inaccurate. Nor could he as Experian's reporting was indisputably accurate.

In order to maintain a claim under either 15 U.S.C. § 1681e(b) or 15 U.S.C. § 1681i(a), "a plaintiff must allege an inaccuracy[,]" *see Spira v. TransUnion, LLC*, No. 23-cv-4319, 2024 U.S. Dist. LEXIS 88798, at *8 (S.D.N.Y. May 16, 2024), which requires the plaintiff to "specify what and how the information was inaccurate." *Manzano v. Trans Union, LLC*, No. 1:23-CV-5990, 2024 U.S. Dist. LEXIS 113429, at *7-8 (S.D.N.Y. June 27, 2024) (citation omitted). "A credit report is inaccurate "when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect.'" *Id.* (citations omitted). With respect to claims under § 1681i(a), a plaintiff must also "specifically state the unreasonable aspects of the investigation." *Norman v. Experian Info. Sols., Inc.*, No. 23-CV-9245, 2024 U.S. Dist. LEXIS 135813, at *11 (S.D.N.Y. July 31, 2024) (citation omitted).

Here, Plaintiff's Complaint does not include any facts regarding the nature of his disputes to Experian. *See* Compl. at 5-6. The documents attached to Plaintiff's Complaint suggest he disputed certain accounts because the "personal information" was incorrect. However, Plaintiff stops short of identifying or describing what about his "personal information" is incorrect. These disputes are simply too vague to support a cause of action under §§ 1681e(b) or 1681i. Additionally, Plaintiff does not identify any aspects of Experian's investigation of his disputes that were unreasonable.

Plaintiff's dispute of the remaining JP Morgan Chase Bank accounts offer a bit more specificity but still cannot support a claim under §§ 1681e(b) or 1681i because a "charged off" debt is not considered "income." FCRA claims based on such arguments are routinely rejected. *See Granderson v. Westlake Fin. Servs.*, No. 4:24-CV-01086, 2024 U.S. Dist. LEXIS 147542, at *8-9 (E.D. Mo. Aug. 19, 2024) (collecting cases). Moreover, Plaintiff's assertion that CRAs are prohibited from reporting "income" is wholly unsupported by the text of the FCRA. As the dispute investigation results attached to Plaintiff's Complaint clearly show, Experian specifically noted that these debts were "charged off," including the specific amount of debt that was "written off." Experian's reporting accurately reflected the status of these accounts and for that reason, Plaintiff's claims as to Experian should be dismissed with prejudice. [5]

---

[5] To the extent Plaintiff conflates "charge off" with "debt cancellation" or "discharge," this alleged inaccuracy – *i.e.*, whether debt cancellation converts the debt to "income" – would nonetheless "turn on [a] legal dispute[]," which is "not cognizable under the FCRA." *See Spira*, 2024 U.S. Dist. LEXIS 88798, at *8 (quoting *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 270 (2d Cir. 2023)) (internal quotation marks omitted). Specifically, determining whether a discharged debt is considered "income" requires the application of law to facts, which makes Plaintiff's dispute not sufficiently objectively verifiable. *See Sessa v. TransUnion, LLC*, 74 F.4th 38, 43 (2d Cir. 2023).

**Hon. Katherine Polk Failla**
September 30, 2024
Page 4



Respectfully submitted,

*/s/ Jonathan P. Floyd*
Jonathan P. Floyd
*Counsel for Defendant Portfolio Recovery Associates, LLC*

Cc:    Durey Damion Housen (via FedEx Overnight Mail and U.S. Mail)
365 West 125th Street, Suite 3604
New York, New York 10027-9998

The Court is in receipt of Defendants' above letter requesting a conference to discuss their anticipated motion to dismiss.  That application is GRANTED.  The initial pretrial conference currently scheduled for **October 24, 2024,** at **12:00 p.m.,** is hereby converted to a premotion conference.  At the scheduled time, the parties shall join the conference by calling (888) 363-4749 and entering access code 5123533.

The Clerk of Court is directed to terminate the pending motion at docket entry 14.

Dated:     October 15, 2024          SO ORDERED.
New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE