Troutman Pepper Hamilton Sanders LLP
Troutman Pepper Building, 1001 Haxall Point, 15th Floor
Richmond, VA 23219

troutman.com



**Jonathan P. Floyd**
D 804.697.1435
jonathan.floyd@troutman

October 17, 2024

**VIA CM/ECF**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



**Re:** *Durey Damion Housen v. Experian, Inc. and Jeff Shotts*, No. 1:24-cv-05719; Defendants' Letter Request to Adjourn and Re-Schedule the Pre-Motion Conference

Your Honor:

This firm represents Defendant Experian Information Solutions, Inc. ("Experian")[1] and Jeff Shotts ("Shotts" and together, the "Defendants") in this matter. Defendants submit this letter to respectfully request the Pre-Motion Conference scheduled for October 24, 2024 be adjourned and rescheduled. In support of their Request, Defendants state as follows:

i) The pre-motion conference is scheduled for October 24, 2024 at 12:00 p.m.;

ii) This is Experian's first request for an adjournment of the pre-motion conference. Plaintiff previously filed a motion to adjourn the initial conference before it was converted to a pre-motion conference on September 11, 2024. Dkt. No. 12.

iii) The Court denied Plaintiff's motion to adjourn the initial conference. Dkt. No. 13;

iv) Counsel for Defendants has a travel-related conflict that will preclude his attendance at the pre-motion conference.

To the extent Your Honor requires Defendants to submit a case summary letter pursuant to Dkt. No. 10, Defendants state as follows:

**1) Statement of the nature of the action and the principal defenses thereto.**

As explained in more detail in Defendants' Letter Request for a Pre-Motion Conference Regarding Defendant's forthcoming Motion to Dismiss, Dkt. No. 14, this action concerns alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Plaintiff claims that Experian "inaccurately report[ed] derogatory information" on his credit report and failed to conduct a reasonable investigation of his disputes regarding this supposed "inaccurate information" in violation of §§ 1681, 1681e, and 1681i.

---

[1] Plaintiff names "Experian, Inc." as a defendant in this action but no such entity exists. The correct name for the Experian entity at issue in this action is Experian Information Solutions, Inc.



*See* Complaint, Dkt. No. 1 at 5-6. Plaintiff also names Experian Chief Financial Officer Jeff Shotts as a defendant but included only a single, vague allegation as to Shotts.[2]

Experian seeks to file a motion to dismiss the entirety of Plaintiff's Complaint. With respect to the claims against Shotts, Shotts is not a "consumer reporting agency" ("CRA") under the FCRA and therefore, Plaintiff cannot maintain a cause of action against Shotts under the FCRA. The claims are also nonviable because Plaintiff does not allege any facts from which the Court could conclude that Shotts took any action, individually or in his capacity as CFO for Experian, that led to the FCRA violations of which Plaintiff complains.

Regarding Plaintiff's remaining claims against Experian, the claims fail because Plaintiff's Complaint does not identify the specific information in his Experian credit report that is allegedly inaccurate. In order to maintain a claim under either 15 U.S.C. § 1681e(b) or 15 U.S.C. § 1681i(a), "a plaintiff must allege an inaccuracy[,]" *see Spira v. TransUnion, LLC*, No. 23-cv-4319, 2024 U.S. Dist. LEXIS 88798, at *8 (S.D.N.Y. May 16, 2024), which requires the plaintiff to "specify what and how the information was inaccurate." *Manzano v. Trans Union, LLC*, No. 1:23-CV-5990, 2024 U.S. Dist. LEXIS 113429, at *7-8 (S.D.N.Y. June 27, 2024) (citation omitted). Plaintiff's Complaint does not include any facts regarding the nature of his disputes to Experian, s*ee* Compl. at 5-6, nor does he identify any aspects of Experian's investigation of his disputes that were unreasonable.

In the event Experian's forthcoming motion to dismiss is denied, Experian asserts that it maintained and followed reasonable procedures to assure maximum possible accuracy with respect to the information contained in Plaintiff's credit file. Experian also conducted a reasonable reinvestigation of the disputed account based on the information provided by Plaintiff. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff and did not act negligently. Accordingly, Experian has no liability in this case under the FCRA and denies all liability to Plaintiff for any alleged damages.

2) **Jurisdiction.**

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper in this Court because Plaintiff purportedly resides within this judicial district and the alleged harm was suffered within this judicial district.

3) **All existing deadlines, due dates, and/or cut-off dates.**

There are no existing deadlines in this action.

4) **Description of any outstanding motions.**

Experian has filed a Letter Request for Pre-Motion Conference in anticipation of its forthcoming Motion to Dismiss. October 15, 2024, the Court granted Defendants' request for a pre-motion conference and converted the previously-scheduled initial conference to a pre-motion hearing. Dkt. No. 15.

5) **Description of any discovery that has already taken place and discovery that is necessary for the parties to engage in meaningful settlement negotiations.**

---

[2] Specifically, Plaintiff claims only that Shotts "has agreed to the terms and conditions of the affidavits." *Id.* at 5.

Hon. Katherine Polk Failla
October 17, 2024
Page 3



    The parties have not yet engaged in any discovery. In the event Experian's forthcoming motion to dismiss is denied, Experian anticipates it will require written discovery and Plaintiff's deposition regarding the disputes referenced in the Complaint and Plaintiff's alleged damages.

**6) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial.**

    None.

Respectfully submitted,

*/s/ Jonathan P. Floyd*
Jonathan P. Floyd
*Counsel for Defendant Portfolio Recovery Associates, LLC*

Cc:    Durey Damion Housen (via CM/ECF)

---

```
Application GRANTED.  The pre-motion conference currently scheduled
for October 24, 2024, at 12:00 p.m. is hereby ADJOURNED to October
31, 2024, at 11:00 a.m.

Dated:    October 18, 2024           SO ORDERED.
          New York, New York
```

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

303243685